UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:22-CV-00378-GNS

WILLIAM GREENWELL                                                                    PLAINTIFF

v.

PRESLAR'S WESTERN SHOP                                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss or for Summary Judgment (DN 9) and Plaintiff's Motion for Leave to Amend the Complaint (DN 16). For the reasons below, Defendant's motion is **DENIED**, and Plaintiff's motion is **GRANTED**.

### I. SUMMARY OF THE FACTS

Plaintiff William Greenwell ("Greenwell") worked at Defendant Preslar's Western Shop, Inc. ("PWS") for thirty years. (Compl. ¶ 1, at 2, DN 1-1). In March 2019, Greenwell was diagnosed with a brain tumor and underwent surgery. (Compl. ¶¶ 7, 9, at 2). In September 2021, Greenwell was diagnosed with COVID-19 and had to quarantine. (Compl. ¶¶ 12-13, at 3). Elizabeth Preslar ("Beth"), co-owner of PWS, told Greenwell that this leave would be unpaid as he was unvaccinated; Greenwell responded that he would speak with an attorney about his right to pay. (Compl. ¶¶ 13-14, at 3). Beth then fired Greenwell, but he was immediately rehired. (Compl. ¶¶ 15-17, at 3). Afterwards, Greenwell was demoted from a salaried position to an hourly one. (Compl. ¶ 18, at 3).

At the same time, Greenwell needed another surgery but rescheduled it so he could assist PWS with the North American Livestock Show. (Compl. ¶¶ 19-24, at 4). Approximately two weeks before the surgery, Edward Preslar ("Ed"), the other co-owner of PWS, was informed of

the scheduled procedure and indicated that Greenwell must return to work two days after the procedure to make up a missed workday. (Compl. ¶¶ 24-26, at 4). The situation allegedly devolved as Beth yelled at and grabbed Greenwell. (Compl. ¶¶ 28-34, at 5-7). Greenwell returned to work for several days but ultimately resigned. (Compl. ¶¶ 39-41, at 7-8).

Greenwell initiated this action against PWS in Jefferson Circuit Court, Kentucky, and alleges claims for constructive discharge, battery, violations of the Kentucky Civil Rights Act ("KCRA"), and interference with the Family and Medical Leave Act ("FMLA"). (Compl. ¶¶ 1-6, 47-119, at 2, 8-19). The action was removed to this Court in July 2022. (Notice Removal, DN 1).

## II.  STANDARD OF REVIEW

PWS moves to dismiss or for summary judgment, but its contentions are only addressed insofar as they challenge the sufficiency of the Complaint. Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" but only after "adequate time for discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). This "adequate time" has not elapsed, as discovery has yet to begin. As such, summary judgment arguments are improper at this time. *See Cunningham v. Osram Sylvania, Inc.*, 221 F. App'x 420, 423 (6th Cir. 2007) (stating that courts should permit "a period of discovery prior to ruling on a motion for summary judgment . . . ." (citation omitted)); *see also Vega v. First Fed. Sav. & Loan Ass'n of Detroit*, 622 F.2d 918, 926 (6th Cir. 1980) (concluding that the trial court erred in granting summary judgment when the non-moving party had not received responses to discovery requests).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true," but it is not required to "accept a 'bare assertion of legal conclusions.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citations omitted). A pleading offering only labels, formulaic recitations of a claim's elements, or generalized assertions without factual support does not meet this burden. *Iqbal*, 556 U.S. at 678. Facts "'merely consistent with' a defendant's liability" or that "do not permit the court to infer more than the mere possibility of misconduct" are inadequate, as it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678-79 (citations omitted).

### III.  DISCUSSION

PWS moves to dismiss seven of the eight counts outlined in the Complaint. (Def.'s Mem. Supp. Mot. Dismiss 3-6, DN 9-1 [hereinafter Def.'s Mem.]). PWS alleges Greenwell has not sufficiently pled that it is an employer subject to the KCRA and FMLA, considering it does not meet the statutory definitions. (Def.'s Mem. 3-6). PWS proffers payroll records and an affidavit from Ed to support these contentions, but they are not considered here.[1] (Def.'s Notice Filing Ex. A, at 2-8, DN 10-1).

The KCRA and FMLA both require a specified number of individuals to be employees for a person or entity to be classified as an "employer" under their provisions. *See* KRS 344.030(2); 29 U.S.C. § 2611(4)(A). An "employer" under the KCRA must have eight or more employees,

---

[1] Courts may consider documents without converting the motion to dismiss into one for summary judgment so long as they are "referred to in the pleadings and [are] integral to the claims . . . ." *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007) (citation omitted). Neither prong is met. The motion is not converted for summary judgment for the reasons set forth above. *See Cunningham*, 221 F. App'x at 423.

with a threshold of fifteen or more employees for claims of disability-based discrimination. KRS 344.030(2). The FMLA requires fifty or more employees. 29 U.S.C. § 2611(4)(A)(i). Both definitions require the employees to work for at least twenty workweeks during the calendar year. KRS 344.030(2); 29 U.S.C. § 2611(4)(A)(i). Greenwell vaguely references other employees, but nothing alleged indicates that PWS meets either definition of an "employer." (*See* Compl. ¶¶ 37, 73, 116). As such, the Complaint fails to sufficiently plead facts to plausibly state a claim under the KCRA and FMLA; thus, it is subject to dismissal. *See* Fed. R. Civ. P. 12(b)(6).

Greenwell, however, moves to amend his Complaint and "seek[s] to simply clarify that [PWS] is an 'Employer' as defined under KCRA . . . and has the required number of employees . . . ." (Pl.'s Mot. Leave 1, DN 16).[2] PWS contends this amendment is futile, given that it does not cure the deficiencies. (Def.'s Resp. Pl.'s Mot. Leave 2-5, DN 21).

Fed. R. Civ. P. 15(a)(2) provides that a party may amend its pleadings with leave from the court and such leave should be "freely give[n] [] when justice so requires." Moreover, the Sixth Circuit has "emphasized that the caselaw in this Circuit manifests 'liberality in allowing amendments to a complaint.'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (internal quotation marks omitted) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)). Courts may deny these motions for undue delay in filing, bad faith by the movant, undue prejudice to the nonmovant, and the pleading's futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

This amendment does not present issues of undue delay or prejudice or bad faith, as it was filed early in this action's proceedings, PWS has yet to file an Answer, these alleged facts were already known to PWS, and a scheduling order has not been entered. Additionally, "[a] proposed

---

[2] Greenwell's Proposed Amended Complaint does not allege a claim for FMLA interference. (*Compare* Compl. ¶¶ 84-92, at 14-15, *with* Proposed Am. Compl., DN 16-2).

4

amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted). Greenwell alleges that PWS has the requisite number of employees who have worked for the required duration of time, with multiple individuals being employed by PWS and compensated by means not reflected on payroll records. (Proposed Am. Compl. ¶ 29). Further discovery may clarify whether Greenwell's claims are viable for relief, but at this stage evidence is not weighed; instead, the only consideration is whether the amendment plausibly states a claim for relief under the KCRA. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (citation omitted). Taking the pled facts as true, this standard is met, so the amendment is not futile. *See Iqbal*, 556 U.S. at 678. Therefore, Greenwell's motion is granted, and PWS's motion is denied.

The Amended Complaint, however, does not assert any federal claims but only state law claims. "The Sixth Circuit 'applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed—retaining residual jurisdiction "only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues."'" *Southard v. Newcomb Oil Co.*, No. 3:18-CV-803-CRS, 2019 WL 961988, at *3 (W.D. Ky. Feb. 27, 2019) (quoting *Packard Farmers Ins. Co. of Columbus, Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011)). Because the posture of this case, the Court declines to exercise supplemental jurisdiction over the claims in the Amended Complaint and will remand this matter to Jefferson Circuit Court. *See Southard*, 2019 WL 961988, at *3 ("This action has only been on the Court's docket for approximately three months. Plaintiff filed his amended complaint six days after Newcomb Oil removed the case. In addition, no dispositive rulings have been issued and this Court has not overseen discovery." (citation omitted)); *Skipper v. Clark*, 150 F. Supp. 3d 820, 828-29 (W.D. Ky. 2015) (citation omitted) (remanding the case to

state court and declining to exercise supplemental jurisdiction over the state law claims following the dismissal of the federal claims providing the basis for federal jurisdiction).

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 9) is **DENIED**, and Plaintiff's Motion for Leave to Amend (DN 16) is **GRANTED**. Because the Amended Complaint only asserts state law claims, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) over those claims. All state law claims asserted in the Amended Complaint are **REMANDED** to Jefferson Circuit Court. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

February 16, 2023

cc: counsel of record
Jefferson Circuit Court, Civil Action No. 22-CI-003288